O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAYRA DAVILA, et al.,<br><br>       Plaintiffs,<br><br>    v.<br><br>RTI PROPERTIES, INC., a California corporation; BBK CARLIN, LLC, a California limited liability company; JUDITH A. CARROLL, individually and as trustee of the JUDI A. CARROLL LIVING TRUST, ROSA MARIA DE LA ROSA,<br><br>       Defendants.<br>_____ | Case No. CV 12-08176 DDP (VBKx)<br><br>**ORDER GRANTING PRELIMINARY INJUNCTION**<br><br>[Link to Docket Number 9] |

   Presently before the court is Plaintiffs Mayra Davila and Kimberly Yantuche's Ex Parte Application for a Temporary Restraining Order and Order to Show Cause RE: Preliminary Injunction.  After reviewing the materials submitted by the parties, hearing oral argument and testimony, and considering the evidence submitted, the court GRANTS the application.

///

**I. Background**

On September 21, 2012, Plaintiffs filed a verified complaint alleging violations of the federal Fair Housing Amendments Act ("FHAA"), 42 U.S.C. §§ 3601, et seq. and the California Fair Employment and Housing Act ("FEHA"), Cal. Gov't Code § 12955 et seq., against Defendants, in relation to their notice to her to vacate the property located at 4217 Carlin Avenue, Lynwood, California, 90262, within sixty days. On October 5, 2012, Plaintiffs filed an application for a Temporary Restraining Order ("TRO"), seeking to prevent eviction proceedings from starting on October 12, 2012. On October 9, 2012, the court granted the TRO. A preliminary status conference was held on October 18, 2012, and a full hearing on the Preliminary Injunction was continued to November 1, 2012.

**II. Legal Standard**

The Supreme Court set forth the standard for assessing a motion for preliminary injunction in Winter v. Natural Resources Defense Council, Inc., 129 S. Ct. 365, 376 (2008). "Under Winter, plaintiffs seeking a preliminary injunction must establish that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest." Sierra Forest Legacy v. Rey, 577 F.3d 1015, 1021 (9th Cir. 2009).

**III. Discussion**

Having reviewed both parties' pleadings, heard testimony and oral argument, and considered the evidence, the court finds no reason to alter its conclusion that Plaintiffs have made a showing

of likelihood of success on the merits and that the balance of hardships weighs heavily in favor of Plaintiffs.

Plaintiffs assert that Defendants have violated the FHAA, which makes it unlawful "to discriminate against an person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of . . . familial status . . ." 42 U.S.C. § 3604(b). Plaintiffs allege that they were given the notice to vacate based on their noncompliance with rules restricting children from playing in the common areas without supervision. When a housing provider seeks to establish restrictive rules applicable only to tenants with children, the housing provider must establish that the rules (1) constitute a compelling business necessity, and (2) that he has used the least restrictive means to achieve that end. Fair Housing Congress v. Weber, 993 F. Supp. 1286, 1292 (C.D. Cal. 1997); U.S. v. M. Westland Co., CV 93-4141, Fair Housing-Fair Lending ¶ 15,941 (HUD ALJ 1994).

Plaintiffs have also alleged discrimination based on sexual orientation in violation of the FEHA, which prohibits making statements that indicate a "preference, limitation, or discrimination based on . . . gender identity, gender expression, [or] sexual orientation." Cal. Gov't Code § 12955(c). Plaintiffs allege that Defendant de la Rosa and her daughter have made statements indicating a preference against Ms. Yantuche's perceived sexual orientation.

Having heard testimony and considered evidence from the parties, the court finds that on balance the reasons it provided in the Order granting the TRO are still valid. The court finds that

3

Plaintiffs have shown a likelihood of success on the merits by providing evidence of a policy that is facially discriminatory against families with children and by presenting testimony that this policy contributed to Defendants' decision to issue Plaintiffs a Notice to Vacate. The court notes the substantial hardship Plaintiffs would suffer based on their 15-year occupancy, the lack of evidence of available comparable housing, the proximity of the property to Plaintiff Yantuche's place of employment and to Plaintiff Davila's son's school, and other bases of hardship set forth in the record. It does not appear that Defendants will suffer any great injury should a preliminary injunction issue.

Therefore, at this time, the court finds that a preliminary injunction should issue.

Accordingly, it is hereby ordered that Defendants and Defendants' respective agents, employees, representatives, and all persons acting under Defendants' direction are enjoined from commencing eviction proceedings against Plaintiffs from the property at 4217 Carlin Avenue, Lynwood, California, 90262, or from taking any further action in an attempt to evict Plaintiffs from their residence.

**IV.  CONCLUSION**

For the foregoing reasons, the court GRANTS Plaintiffs' application for a preliminary injunction.

IT IS SO ORDERED.

Dated: November 2, 2012

DEAN D. PREGERSON
United States District Judge